UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO: 7:12-CR-37-FA-8
7:16-CV-76-FA

JUAN CARLOS MARTINEZ

    Movant,

v.                            MEMORANDUM OPINION AND ORDER

UNITED STATES OF AMERICA,

    Respondent.

Pending before the court is Juan Carlos Martinez's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. See ECF No. 740. The government has filed two motions to dismiss and memoranda in support of those motions. See ECF Nos. 769, 770, 1045 and 1046. Martinez, at the time pro se, responded to the first motion to dismiss. See ECF No. 776. After the Federal Public Defender was appointed to represent Martinez for the limited purpose of seeking relief pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), that office filed a notice joining in his previously-filed motion to vacate. See ECF No. 816. According to the notice, Martinez was entitled to relief under Johnson. Thereafter, the Federal Public Defender filed a notice of supplemental authority in support of Martinez's motion to vacate. See ECF No. 925.

**I.**

On February 19, 2013, a federal grand jury sitting in the Eastern District of North Carolina returned a Superseding

Indictment charging Martinez and various co-conspirators with multiple counts.  See ECF No. 226.  Martinez was charged with Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951, (Count Six); possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(B)(i), (Count Seven); and conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846, (Count Eight).

On March 22, 2013, pursuant to a written plea agreement, Martinez pled guilty to Counts Six and Seven.  See ECF Nos. 259 and 260.  Pursuant to the terms of the plea agreement, the government would dismiss Count Eight as to Martinez.  On December 11, 2014, Martinez was sentenced to a total term of imprisonment of 144 months.  Specifically, he was sentenced to 24 months on Count Six and 120 months on Count Seven, sentences to run consecutively.

## II.

In his motion to vacate, Martinez argues that his conviction on Count Seven must be vacated because the underlying predicate offense of conspiracy to commit Hobbs Act robbery is no longer a crime of violence.  Martinez is correct (and the government concedes) that conspiracy to commit Hobbs Act robbery does not qualify as a predicate crime of violence under 18 U.S.C. § 924(c).  See United States v. Davis, 139 S. Ct. 2319, 2336 (2019); United States v. Simms, 914 F.3d 229, 233-34 (4th Cir.

2

Case 7:12-cr-00037-FA   Document 1108   Filed 03/17/22   Page 2 of 11

2019); see also United States v. Smith, Criminal No. 3:08CR283, 2021 WL 3175965, at *3 (E.D. Va. Jul. 27, 2021) (vacating § 924(c) conviction and sentence where underlying predicate offense was Hobbs Act robbery conspiracy); Simmons v. United States, No. 2:12-cr-00415-DCN-2, 2020 WL 587114, at *2 (D.S.C. Feb. 6, 2020) (same). The government argues, however, that Martinez's motion to vacate should be dismissed because of the waiver in his plea agreement. The government also argues that Martinez's claim is procedurally defaulted. With respect to defendant's claim of ineffective assistance of counsel, the government contends that Martinez fails to state a plausible claim for relief.

On direct appeal, the United States Court of Appeals for the Fourth Circuit vacated the § 924(c) conviction for one of Martinez's codefendants who, like Martinez, pled guilty to Count Seven of the superseding indictment. See United States v. Calderon, No. 15-4420, 774 F. App'x 805, 806 (4th Cir. Aug. 15, 2019) ("Calderon's conviction for use of a firearm in a crime of violence—conspiracy to commit Hobbs Act robbery—cannot stand. We therefore vacate his conviction for this offense, vacate the sentence, and remand for resentencing."). It is true the Fourth Circuit did not explicitly address the plea agreement waiver in that case. However, in another recent case, the Fourth Circuit declined to enforce an appellate waiver in a plea agreement under similar circumstances. See United States v. Sweeney, No. 15-4456, 833 F. App'x 395, 397 (4th Cir. Jan. 15, 2021) ("Because

3

Sweeney's § 924(c) conviction is not supported by a valid predicate, he has made a showing of actual innocence. We therefore decline to enforce the waiver and deny the Government's motion to dismiss."). Likewise, in another case from this court, the court rejected the argument that the government makes herein and declined to enforce a collateral attack waiver holding that the petitioner's "challenge to her § 924(c) conviction [ ] falls outside the scope of the collateral attack waiver." McClarin v. United States, No. 5:11-CR-279-FL-2, 2021 WL 2019189, at *3 (E.D.N.C. May 20, 2021) (Flanagan, J.); see also Simmons, 2020 WL 587114, at *2 (government conceded as outside the scope of plea agreement waiver prisoner's habeas claim that § 924(c) conviction could not stand because predicate crime of violence was Hobbs Act conspiracy). Based upon the foregoing authorities, the court finds that Martinez's motion is not subject to dismissal because of the plea agreement waiver.

As for the government's procedural default argument, the court finds that it also fails. In so concluding, the court relies on the following cases and the authorities cited therein. See McClarin, 2021 WL 2019189, at *3 (finding that petitioner had established cause and prejudice to excuse her procedural default and vacating conviction under § 924(c) where predicate offense was attempted Hobbs Act robbery); United States v. Jimenez-Segura, 476 F. Supp.3d 326, 334 (E.D. Va. 2020) (finding that defendant met the cause-and-prejudice standard to excuse

4

procedural default where underlying predicate for § 924(c) conviction was conspiracy to commit Hobbs Act robbery). In particular, the court's opinion in <u>Jimenez-Segura</u> is thoughtful and well-reasoned and the court follows it here.

The government conceded that Martinez would be entitled to vacatur of his § 924(c) conviction if the court rejected its arguments on collateral attack waiver and procedural default. <u>See</u> ECF No. 1072 at 17 n.2. The court must now fashion an appropriate remedy. As our appeals court has explained:

> [A] district court's resolution of a prisoner's § 2255 petition proceeds in two steps. First, the district court must determine whether the prisoner's sentence is unlawful on one of the specified grounds. . . . If, by contrast, the court determines that the sentence is unlawful, the court "shall vacate and set . . . aside" the sentence. . . . If the district court determines that the prisoner's sentence is unlawful because of some legal defect in his conviction, the court may also vacate the prisoner's conviction. . . .
>
> Second, if the prisoner's sentence (and, depending on the scope of the prisoner's challenge, perhaps one or more of his convictions as well) is set aside, the district court "shall" grant the prisoner an "appropriate" remedy. 28 U.S.C.A. § 2255. While "[t]he § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy," <u>United States v. Garcia</u>, 956 F.3d 41, 45 (4th Cir. 1992), § 2255 lists the four remedies that are appropriate: (1) "discharge the prisoner," (2) "grant [the prisoner] a new trial," (3) "re-sentence [the prisoner]," or (4) "correct the [prisoner's] sentence." 28 U.S.C.A. § 2255. Accordingly, the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence (and perhaps one or more of his convictions) and one of the following: (1) the prisoner's release, (2) the

5

> grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence.

United States v. Hadden, 475 F.3d 652, 661 (4th Cir. 2007) (footnotes omitted).

The government has asked that Martinez be resentenced by the court under the sentencing package doctrine if his conviction and sentence on Count Seven are vacated.

> The sentencing package doctrine acknowledges that "sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence—the sentence package—that reflects the guidelines and the relevant § 3553(a) factors." United States v. Pearson, 940 F.3d 1210, 1215 n.10 (11th Cir. 2019) (internal quotations omitted). Thus, upon resentencing a defendant on the remaining convictions after the vacatur of one conviction, the district court may "reconfigure the sentencing plan to ensure that it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." Greenlaw v. United States, 554 U.S. 237, 253, 128 S. Ct. 2559, 171 L. Ed.2d 399 (2008).

United States v. Tyler, No. 19-4908, 850 F. App'x 175, 177 (4th Cir. Mar. 23, 2021); see also Davis, 139 S. Ct. at 2336 ("[W]hen a defendant's 924(c) conviction is invalidated, court of appeals routinely vacate the defendant's entire sentence on all counts so that the district court may increase the sentences for any remaining counts if such an increase is warranted.") (internal quotation marks omitted).

The court agrees with the government that resentencing is the appropriate remedy.

6

As for Martinez's ineffective assistance of counsel claim, it is without merit. The standards established by the United States Supreme Court in determining whether a defendant was denied his Sixth Amendment right to effective assistance of counsel are set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). Under Strickland, a plaintiff must show (1) that counsel's performance was so deficient that it "fell below an objective standard of reasonableness," and (2) that counsel's deficiency resulted in prejudice so as to render the results of the trial unreliable. See id. at 687-92. Counsel's performance is entitled to a presumption of reasonableness. See id. at 689. Thus, a habeas plaintiff challenging his conviction on the grounds of ineffective assistance must overcome a strong presumption that the challenged actions constituted sound trial strategies. See id. The Court in Strickland cautioned against the ease in second-guessing counsel's unsuccessful assistance after the adverse conviction and sentence are entered. See id. The Fourth Circuit Court of Appeals specifically recognized that ineffective assistance of counsel may not be established by a "Monday morning quarterbacking" review of counsel's choice of trial strategy. Stamper v. Muncie, 944 F.2d 170, 178 (4th Cir. 1991), cert. denied, 506 U.S. 1087 (1993).

"To show prejudice in the guilty-plea context, the petitioner must 'demonstrate a reasonable probability that, but

for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Christian v. Ballard, 792 F.3d 427, 443-44 (4th Cir. 2015)(quoting Premo v. Moore, 562 U.S. 115, 129 (2011)).  Under the second prong of Strickland, a petitioner must show that the errors were "sufficiently serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.  Furthermore, a court may address the two prongs in any order and a failure to establish one prong obviates a need to address the other. Id. at 697 ("Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.  In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  The object of an ineffectiveness claim is not to grade counsel's performance.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.  Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.").

As discussed above, under Strickland, not only must Martinez show that his counsel's performance was deficient, he also must show that he was prejudiced by that performance. A court can reasonably reject a petitioner's claim of prejudice if the "decision to reject the plea agreement and proceed to trial . . . would not have been a rational one." Christian, 792 F.3d at 452 (citing Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

> When evaluating objective reasonableness under the prejudice prong of Strickland, "[t]he challenger's subjective preferences . . . are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012). The challenger "cannot make that showing merely by telling [the court] now that [he] would have gone to trial then if [he] had gotten different advice." Pilla v. United States, 668 F.3d 368, 372 (6th Cir. 2012). In other words, to obtain relief from a guilty plea, the defendant must do more than allege he would have insisted on going to trial if counsel had not misadvised him as to the consequences of that decision. The "petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla, 559 U.S. at 372, 130 S. Ct. 1473; see also Roe v. Flores-Ortega, 528 U.S. 470, 486, 120 S. Ct. 1029, 145 L. Ed.2d 985 (2000).

Id. at 452-53.

Martinez's Strickland claim fails for the simple reason that an "attorney cannot be labeled ineffective for failing to anticipate a future change in the law." Moss v. Ballard, 537 F. App'x. 191, 195 (4th Cir. 2013) (unpublished); United States v.

9

McNamara, 74 F.3d 514, 516-17 (4th Cir. 1996).  Johnson, Davis, and Simms were all decided after Martinez's case concluded. Therefore, the claim is without merit.

**III.**

For all these reasons, the court **DENIES** the government's motions to dismiss; **GRANTS** Martinez's Motion to Vacate as follows:  1) his conviction and sentence on Count Seven, using and carrying firearms during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(B)(ii), are **VACATED,** and 2) a resentencing hearing on the remaining count is scheduled for May 2, 2022, at 1:00 p.m., in Raleigh; **DENIES AS MOOT** the motion to extend time to file response; and **DISMISSES** this matter from the court's active docket.

Counsel is hereby **APPOINTED** to represent Martinez in connection with resentencing.  The United States Probation Office is **DIRECTED** to prepare a modification to the presentence investigation report that addresses the recalculation of Martinez's statutory and Guidelines sentencing ranges and any other information relevant to sentencing.  The report should be provided to counsel and objections, if any, should be filed within 14 days of receipt of the report.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial

10

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to send copies of this Memorandum Opinion and Order to defendant, counsel of record, the Office of the Federal Public Defender, and the Probation Office of this court.

**IT IS SO ORDERED** this 17th day of March, 2022.

ENTER:

*/s/ Daniel A. Faber*

David A. Faber
Senior United States District Judge